## LOUIS S. FLATAN v. THE STATE EX REL. W. C. EDWARDS.

### (Case No. 1377.)

1. STATUTE CONSTRUED — OFFICER.— The statute requiring a party elected to office to qualify within a prescribed period of time, will be construed as directory only in a case where, from reasons beyond his control, he cannot qualify within the time allowed; but such construction will not be given in a case of neglect or refusal to qualify.

2. FACT CASE — PLEADING.— See opinion for answer of respondent in a case of *quo warranto* to which a demurrer was erroneously sustained.

3. QUALIFICATION OF OFFICER.— One elected to the office of sheriff who seeks an extension of the time provided by statute within which he shall qualify, by taking the oath of office and giving bond, must show some extraordinary reason why it should be granted.

4. APPOINTMENT OF SHERIFF BY COMMISSIONERS' COURT.— If one elected to the office of sheriff neglects or refuses to give the bond required by

the statute within the time prescribed by the statute, it is the duty of the county commissioners' court for the county to declare the office vacant and to fill the vacancy by appointment.

5. CONSTITUTIONAL LAW.— Art. 6, sec. 24 of the constitution, conferring on the judges of the district court power to remove officers therein named, refers only to persons who are officers in the full sense of that term, after they have been elected or appointed, and have qualified as required by law.

6. STATUTE CONSTRUED.— Art. 3400 of the Revised Statutes does not confer on judges of the district court exclusive jurisdiction to declare vacant an office to which one has been elected, when he has refused or neglected to qualify by taking the oath and executing the statutory bond.

7. OFFICE — FRANCHISE.— Though in one sense an office is a franchise, the right to the same never vests until the person elected to have the same has fully qualified and has thereby become entitled to discharge the duties and receive the emoluments thereof.

8. PUBLIC OFFICER.— For all purposes of qualification, a person who has received his certificate of election to an office is to be deemed in court, and he must take notice without citation of all that may occur in the court which must approve his bond and pass upon his qualification affecting his interest. After the officer has fully qualified, and his right to the office has vested, it cannot be divested by the state until after notice has been given to the incumbent.

9. JURISDICTION.— No formality of trial is necessary before a tribunal which must approve an officer's official bond, to ascertain whether the office has become vacant by reason of a failure to give bond. The fact that the court has declared the office vacant, without process or formal trial, will not prevent its action from being judicial in its character.

APPEAL from Camp.   Tried below before the Hon. B. F. Estes.

The case is sufficiently stated in the opinion.

*H. McKoy,* for appellant.

*R. W. Hudson,* for appellee.

I. The right to the office of sheriff depends upon the election or certificate of election. Cocke *v.* Bickford, 54 Tex., 482; Sprowl *v.* Lawrence, 33 Ala., 674; State *v.* Ely, 43 Ala., 574: State *v.* Steers, 44 Mo., 223; *Ex parte* Candee, 48 Ala., 386.

II. Upon the election, and the issuance of a certificate of an election to a person who has been elected by the people, the office becomes his property for the term, of which he cannot be deprived except by due process of law. Const. 1876, art. I, secs. 19, 23; State v. Stalner, Austin term, 1881; Wommack v. Holloway, 2 Ala., 31; Ex parte Candee, 48 Ala., 386; Dorman v. The State, 34 Ala., 236; Weaver et al. v. Lapsley, 43 Ala., 224, 232.

III. The approval of a bond, or its rejection by the county commissioners' court, is not a judicial but a ministerial act. State v. The Lafayette County Court, 41 Mo., 222; State v. Howard Co. Court, 41 Mo., 248; State v. Ely, 43 Ala., 568; Beck v. Jackson, 43 Mo., 117; Ex parte Candee, 48 Ala., 386; Wommack v. Holloway, 2 Ala., 31; State v. The County Court of Lafayette County, 41 Mo., 545.

IV. The failure to give a bond within the time prescribed by law, or the giving of an insufficient bond, is a ground for a judicial declaration of a forfeiture. R. S. 1879, sec. 3400, p. 487; State v. Cocke, 54 Tex., 482; Wommack v. Holloway, 2 Ala., 31; Sprowl v. Lawrence, 33 Ala., 674; The State v. Ely, 43 Ala., 568.

V. The action of the county commissioners' court being ministerial, and the failure to give a bond being a ground for a judicial declaration, the action of the county commissioners' court was coram non judice, and void, a sheriff being a county officer. Const. 1876, art. V, sec. 24, p. 17; R. S. 1879, sec. 3400, p. 487; State v. Texas County, 44 Mo., 230; Hunt v. Hopgood, 4 Mass., 122; Albee v. Ward, 8 Mass., 86; Den v. Turner, 9 Wheat., 541; Smith v. Rice, 11 Mass., 513; Williams v. Blunt, 2 Mass., 213; Powers v. The People, 4 Johns., 292; Griffith v. Frazier, 3 Cr., 9; Den v. Harden, Paine's R., 55; Dennis et al. v. Jefferies, 12 Ohio, 271.

VI. The failure to attempt to make any bond at all, or a refusal to make any effort to qualify to the office to which

a person was elected, might, under art. 4518, be *ipso facto* a vacancy. But when the person makes an effort to qualify by giving bond, and the court whose duty it was to approve the sureties should refuse to do so, then that does not present such a state of facts as the law would deem the office vacant. R. S. 1879, secs. 4518, 4519, 3400; Const. 1876, sec. 24, p. 17.

STAYTON, ASSOCIATE JUSTICE.— This is an action in the nature of a writ of *quo warranto*, instituted upon the relation of W. H. Edwards, to test the right of Louis S. Flatan to the office of sheriff of Camp county.

A demurrer was sustained to the petition and the same dismissed, from which judgment an appeal was prosecuted to this court, and at the last term thereof held at Austin, the judgment was reversed and the cause remanded.

Since the case went back to the district court of Camp county, another trial was had, in which the court sustained a demurrer to all of the respondent's answer except the general denial, and a judgment was rendered in the cause in favor of the state and relator, from which the present appeal is prosecuted.

It is assigned as error that the court erred in sustaining the demurrer of the state.

The petition in the case alleged that, at the general election held on the 2d of November, 1880, the relator was elected sheriff of Camp county; that he secured his certificate of election, and thereafter presented to the county commissioners' court for said county his general official bond as sheriff, together with the bonds required of him as the collector of state and county taxes, which were in proper form and amount, and with good and sufficient sureties thereon.

The petition alleged that the county commissioners' court for Camp county, on the 18th day of December

following his election, for insufficient reasons and for improper motives, rejected all of his bonds except the one executed by him as collector of county taxes; that on the same day said court appointed the respondent sheriff of said county, and that he usurped and intruded into the office and illegally exercised the duties thereof.

It is not necessary here now to state the facts upon which the relator alleged that the county commissioners' court improperly rejected his bonds, in considering whether the court erred in sustaining the demurrer to respondent's answer.

The respondent in substance alleged that it was true that the relator was elected sheriff of Camp county on the 2d of November, 1880; that a certificate of election issued to him on the 18th day of November; that on the 20th day of the same month the county commissioners' court met for the purpose of approving bonds of the officers of the county elect; that the bonds of relator were not then presented for approval; that the court then adjourned until the 3d day of December, at which time the court again met to approve official bonds, of which the relator had knowledge, at which time the relator failed to present his bonds for approval. That the court again adjourned until the 11th of December to give the relator full time to perfect and present his several bonds, of which he had notice, and that it on that day met, at which time the relator presented for approval his three bonds required by law to be made, for approval, when it was found and decided by the court that the bonds presented by relator as collector of state and county taxes were for sums less than required by law; whereupon, without taking further action, at the request of the relator, the court adjourned until the 18th of December, to give the relator time to present proper bonds; at which time the court again met and the relator presented his three bonds for approval, all of which, except the bond

as collector of county taxes, said court decided to be insufficient, for the reason that the sureties thereon were not sufficient, which fact was made known to the relator, and he then refused to give other sureties or other bonds.

He further alleged that the sureties upon the bonds of the relator were insufficient.

He further alleged that on the same day that the relator refused to give other sureties or other bonds, the county commissioners' court declared the office of sheriff of the county vacant, and appointed him thereto; that he had duly qualified under his appointment, and had been commissioned as sheriff of Camp county by the governor of the state; that he was not a usurper or intruder, but was legally the sheriff of Camp county by reason of the facts stated in his answer. The manner of qualification of the respondent was fully and minutely set out in his answer.

For the purposes of this appeal, their sufficiency being called in question by a demurrer, the allegations of respondent's answer must be taken to be true.

We are of the opinion that the court erred in sustaining the demurrer to respondent's answer.

The term of office provided by the constitution is short, and such persons as seek office, and by the vote of the people are elected thereto, should not be dilatory in qualifying after they have been notified by certificate of election that the people have honored them by their confidence expressed through the ballot. The statute provides that a person elected to the office of sheriff shall give bond and take the oath of office within twenty days after notice of his election; and he that seeks an extension of the time provided by statute should show some extraordinary reason therefor.

The time prescribed by statute within which a person elected to an office shall qualify has been held to be directory in some of the other states, and so was held to be in

this case upon former appeal. These rulings were no
doubt made to cover such cases as might arise in which a
person could not, for some good reason beyond his own
control, qualify within the prescribed time, in order that
the right of the person to qualify might not be destroyed
without wrong upon his part, and that the wish of the
people might not be lightly defeated; but it is not believed
that the rule can be extended to cases in which there is
neglect upon the part of an elected person.

In this case the certificate of election issued to the
relator on the 18th day of November, and from the 20th
day of that month, after several adjournments made as
alleged in the answer to enable him to perfect and present
his bonds, on the 18th day of the December following he
presented bonds which were adjudged by the court in-
sufficient. These facts might be held to constitute neglect,
and if so, as more than twenty days had elapsed after he
received his certificate of election, it might well be held
that the extension of time should not have been given.
The plain words of the statute should have their full
effect in reference to the time within which an elected
person should qualify, in all cases in which there is neglect
or refusal to qualify.

The allegations of the answer, however, go further,
and aver that the relator not only neglected to give proper
bonds, but that after he was notified by the court that two
of his bonds were insufficient, *he refused* to give other
security thereon, or to execute other bonds in place of
those declared to be insufficient.

By this we are to understand that the relator, when
informed that the sureties upon two of his bonds were
insufficient, said to the court that he would give none
other.

If the relator set up his judgment as to the sufficiency
of his bonds against the judgment of the county com-
missioners' court, which by statute is made the judge

thereof, the most that he can now ask is, that the question of fact upon which he and the court differed should have been fairly examined and determined by the county commissioners' court. That could not be done by the demurrer in this case.

It is not to be presumed upon demurrer that the county commissioners' court acted capriciously or corruptly in declaring that the bonds of the relator were not sufficient. Every fair and legitimate presumption should be indulged that that court, in declaring the bonds of the relator insufficient, acted in good faith and with a due regard to the trust confided to them, and that they declared the bonds insufficient because they were so in fact.

If, as alleged in the answer, the relator neglected or refused to give good and sufficient bonds as required by law, the county commissioners' court did not err in declaring the office vacant, and in appointing a suitable person thereto; and a demurrer to an answer setting up such facts should not have been sustained.

The statute provides that, "whenever any person elected sheriff shall neglect or refuse to give bond and take the oath of office within twenty days after notice of his election, the office *shall be deemed vacant*, and the commissioners' court of the county shall appoint a sheriff as in other cases of vacancy." R. S., 4518.

. The bonds referred to in the statute mean good and sufficient bonds.

It is contended that the county commissioners' court had no power to declare that the office of sheriff was vacant; that its only power was to fill a vacancy after the same had been declared by a judge of a district court.

This position is assumed upon the theory that the constitution, section 24, art. 6, gives to a judge of a district court the exclusive power to *remove a sheriff* from office.

The section referred to is as follows: "County judges, county attorneys, clerks of the district and county courts,

justices of the peace, constables and other county officers, *may be removed* by the judges of the district court for incompetency, official misconduct, habitual drunkenness, or other causes defined by law, upon the cause therefor being set forth in writing, and the finding of its truth by a jury."

The whole context of the section of the constitution above referred to bears unmistakable evidence that the words "may be removed," as therein used, refer only to persons who are officers in the full sense of the word; to persons who, having been elected or appointed to an office, have qualified as provided by law and have been inducted into office, whose removal is sought for some cause arising after such person has been so inducted. Only to such cases do we understand the section of the constitution above referred to to apply.

It is further claimed that art. 3400, R. S., in accordance with the provision in the constitution above referred to, has conferred the power to *remove* a person who has been elected to a county office on a judge of a district court, in a case like the present.

That article does seem to indicate such an intention by the legislature; but as we have before said, the constitution does not confer such a power upon the judges of the district courts, which, if thus conferred, might be held to confer an exclusive power; and if it was the intention of the legislature in enacting art. 3400, R. S., to give power to the district judges, in cases like the present is alleged to be, to declare a vacancy, then it would not be held that such power was an exclusive power; for, in the absence of a declaration to the contrary, the jurisdiction might be concurrent in a judge of a district court and in the county commissioners' court.

Art. 3400, R. S., refers to county officers generally; art. 4518 refers to sheriffs alone, who are not mentioned in the section of the constitution above referred to, nor

in art. 3400, R. S.; both of which, however, are broad enough to embrace sheriffs.

Art. 4519, R. S., gives power to a judge of a district court to remove a sheriff for causes which must, in the nature of things, occur after the full qualification of a sheriff, but there is no provision in title XCI, chapter 1, which regulates the election, qualification and removal of sheriffs, which contemplates that a judge of a district court shall have power to take any action in a matter based upon such facts as appear in the answer of respondent.

Art. 4518, R. S., provides that if a sheriff does not qualify within the time prescribed by law, that " *the office shall be deemed vacant.*"

We have no doubt of the power of the legislature to pass the law referred to, but it is contended that an office is property, and that a person cannot be deprived of the same without a judicial inquiry. We admit that this is true; but it does not follow from this that the proceedings set up in the answer of the respondent were not judicial in their character, and sufficient. No citation to the relator was necessary.

It has sometimes been said that there is a difference between the right to an office, and the right to enter upon the discharge of the duties of an office. This, perhaps, is not an exact statement, and it might with more propriety be said that a person elected has the right to acquire the office to which he has been elected by qualifying as the law prescribes, and that such person has strictly no right to an office until he has qualified and is entitled to discharge the duties thereof.

An office is a franchise, in a certain sense, and the right to the same never vests until the person elected to have the same has fully qualified and thereby become entitled to discharge the duties and receive the emoluments thereof.

A right to acquire an office, although an imperfect or inchoate right, may be the subject of judicial inquiry, when there is an unlawful hindrance to the acquiring of the perfect right after a person has been elected; but in such cases the party who seeks to establish the right is the actor, and need not be cited.

Under the laws of this state, it is necessary for a person who has been elected to the office of sheriff to take the oath of office and to execute the bonds prescribed by law.   After a person elected receives his certificate of election, which is all the notice to which he is entitled, it is his right and duty to qualify; without qualification he has no right to the office, and it is incumbent upon such person so to qualify without notification so to do from the county commissioners' court, and without notice that the office will be declared vacant, and filled if he neglects or refuses to qualify.

For all purposes of qualification a person who has received his certificate of election is to be deemed in court, and he must take notice of all that occurs affecting his interest.

After the right to an office has fully vested, the state would have to become the actor if it sought to divest such right, for any cause prescribed by law, arising after a party had qualified; and in such case the provision of the constitution hereinbefore referred to would apply, and notice would have to be given to the party whose right was sought to be affected.

The only question of fact to be determined before the office of sheriff of Camp county could be deemed vacant was, had the relator neglected or refused to qualify; for the statute declares that in such case *the office shall be deemed vacant.*

For the purpose of determining this question, we are of the opinion that it was not necessary that a formal trial be had,— that witnesses be called and a jury be impan-

eled; but that the county commissioners' court might act in the matter upon facts which, in the very nature of the case, were known to that court judicially; and the fact that said court may have so acted would not prevent its action from being judicial in its character.

That tribunal knew judicially whether the relator had refused to give proper and sufficient bonds or not; for under the law it was the tribunal required to pass upon the sufficiency of the bonds.

It would seem to be an idle ceremony to institute and prosecute a legal proceeding before a judge of a district court, with all its delays, accompanied perhaps by an appeal to this court, for the sole purpose of determining a fact judicially known to the county commissioners' court, which by law is made the judge of whether the fact exists or not, and whose duty it is made, in case the fact exists, to fill the vacancy, which as matter of law the legislature has declared shall be deemed to exist.

As adjudged upon former appeal, the petition sets up a good cause of action; the answer sets up a good defense, and shows a legal right in the respondent to the office of sheriff.

The facts stated in the two pleadings cannot be true, for they are inconsistent. The district court should, upon the merits, have made the inquiry whether or not the relator had neglected or refused to execute proper bonds. For the error of the court in sustaining the demurrer to respondent's answer, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 13, 1882.]

### DISSENTING OPINION.

BONNER, ASSOCIATE JUSTICE.— In this case I respectfully dissent from the conclusion reached by a majority of the court.

In this proceeding by *quo warranto*, unlike an ordinary action, the burden of both allegation and proof devolved in favor of the government, upon the respondent Flatan, to show a valid right or title to the office of sheriff of Camp county. He was required either to disclaim or to justify. High on Ex. Rem., §§ 712, 716.

He attempted to justify by showing that there was a vacancy in the office, by reason of the failure and refusal of the relator, Edwards, who was the prior incumbent and the new officer elect, to qualify by giving bond, and his own subsequent appointment by the commissioners' court, and his qualification to fill the vacancy.

If there was such vacancy, qualification and appointment, then the demurrer to the answer should have been overruled; if not, it should have been sustained.

The answer admitted the election of relator Edwards at the general election in 1880; that he had received his certificate of election, and his efforts to qualify by giving the three bonds required by law. That one of these had been accepted and approved, but that the other two, though regular in form, had been rejected because deficient in security. It alleged his refusal to give other bonds or additional security; and that thereupon the commissioners' court, on the same day they had rejected his bonds, had declared the office vacant and had appointed respondent Flatan, who subsequently qualified.

The controlling question in the case is, was there such vacancy in the office as authorized the appointment by the commissioners' court of respondent Flatan ?

A preliminary question arises, whether relator Edwards had such right or interest in and to the office as was subject to a legal declaration of forfeiture or vacancy.

In The State *ex rel.* Bickford *v.* Cocke, 54 Tex., 482, it was held, under the authority of adjudicated cases, that there was a distinction between the right to an office and the right to enter upon the duties of the office. It was

there held that Crawford, the new officer elect, who never attempted to qualify at all, had nevertheless acquired such a right to the office of sheriff as to vacate that held by Bickford, the former incumbent, and that Crawford's failure to qualify within the twenty days would be ground for judicial declaration of forfeiture. It is true the question of Crawford's resignation incidentally came up in that case; but if he had no office he had nothing to resign.

This doctrine was reaffirmed in the present case on the former appeal.

Articles 3400 and 4518, Revised Statutes, clearly show that the election of itself to an office gives such right or interest thereto as is subject to judicial declaration of removal. That relator Edwards had such right to the office as was subject to be vacated was recognized by the commissioners' court, as it judicially declared the office vacant.

Did, then, the commissioners' court have the power, in effect, to remove Edwards by such declaration of vacancy?

That court had only such power as was conferred by the constitution and statutes. Const. 1876, article V, section 18.

By article XV of that constitution certain state officers were subject to be removed by impeachment, and the district judges by the supreme court.

Article V, section 24, provides for the removal of all county officers, which would include sheriffs, for certain causes therein named, "or other causes defined by law," upon its being set forth in writing, and the finding of its truth by a jury.

Thus it will be seen that the subject matter of removal of officers was provided for by the constitution giving, according to the grade of the office, the power to three separate tribunals.

In accordance with this constitutional provision, and

evidently in compliance with its terms, article 3400 of the Revised Statutes was enacted as follows: "All county officers who are required to give official bonds, who shall fail to execute their bonds within the time required by law, . . . may also be removed from office by the district judge, on the matter being brought before him in the manner hereinafter provided for bringing such matters before the court."

This statute covers the very case now under consideration; and in subsequent provisions, upon complaint in writing and after notice, a trial by a jury is provided for, as required by the constitution. This trial can be had either in term time or vacation; thus carrying out the policy of the law that such litigation shall be speedily terminated. R. S., arts. 3401–8.

We have then an express statute, under an express grant of constitutional power, providing for a removal by the district judge for the very cause here invoked.

I have been unable, either in the constitution or the statutes, to find any such power granted to the commissioners' court. If to be found at all, it is only impliedly in article 4518. This provides that, "whenever any person elected sheriff shall neglect or refuse to give bond and take the oath of office within twenty days after notice of his election, the office shall be deemed vacant, and the commissioners' court of the county shall appoint a sheriff as in other cases of vacancy."

It will be noted that this does not give to the commissioners' court for the neglect or refusal, as does article 3400 give to the district judge for the failure to give the bond, the power of removal, but to fill the vacancy only. Honey v. Graham, 39 Tex., 1.

If it be conceded that the commissioners' court, in a clear case, when there has been a total neglect or refusal without excuse therefor, to qualify within the twenty days, could take judicial notice of a negative state of

facts which the law deems a ground for judicial declaration of forfeiture or vacancy, as they might do in an undisputed case of death, and thereupon declare the office vacant, yet, in the opinion of the writer, that court could not do so in a case of contest like the present.

On the former appeal the distinction was drawn between such case and one in which the officer elect had in good faith attempted to qualify, but, through inadvertence or otherwise, had failed to give such bond as was approved.

If the neglect or refusal be considered as a ground for the forfeiture of the office, clearly the commissioners' court, under the constitution, would not have the power exercised in this case.   Article V, section 8.

If that court had the power to reject bonds made in good faith — as these evidently were, one of them having been accepted,— and then to summarily declare the office vacant and make a new appointment the same day, it would, if the bonds were in fact good, deprive the officer elect of an important right, and would conflict with the power expressly conferred upon the district judge — a superior tribunal, with right of trial by jury, both by the constitution and article 3400 of the statutes.   This case comes within the very terms of that article, and which in its spirit also must have been intended to embrace a case of contest in which the officer elect had the right to show that in fact he had given a good bond, or good cause why he had not done so.   Else why require him to answer at all, and why provide for a trial?

If it was intended by articles 3400 and 4518 to give concurrent jurisdiction over the same subject matter to the district judge and the commissioners' court, why was a right of trial, and that, too, by a jury, after citation, given to the superior tribunal, and the right to summarily declare the office vacant without a trial given to the inferior?

It is an elementary rule that statutes like these, passed at the same session of the legislature, should, if possible, be so construed as not to conflict. Neill *v.* Keese, 5 Tex., 33.

In accord with article 3400 and article 4519, pertaining especially to the office of sheriff, which gives to the commissioners' court the power to require of him a new bond, and if upon citation he shall neglect or refuse so to do (although this fact is judicially known to them), he may be removed, not, however, by that court, but by the district judge in the manner provided by articles 3401–8.

If it was intended by article 4518 to give to the commissioners' court the power to declare a vacancy, and thereby in effect remove the sheriff elect, because he had in the first instance neglected or refused to give the bond, why in the very next section withhold this power in a similar contingency?

In *Ex parte* Hogg, 36 Tex., 15, the officer was removed under a statute very similar to article 3400, which provided that "if the justice shall fail to give the assessment bond required," he might be removed by the district judge. It was held that this act conflicted with the provision of the constitution then in force, which provided for the removal of such officers by conviction of a jury after indictment found; and that the removal by the district judge was unauthorized.

If the action of the district judge in that case was held unauthorized, though exercised by virtue of an expressed statute, how much the more should the action of the commissioners' court be so held in this case, when neither authorized by the constitution nor by the statute.