

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN

~~WILL WILSON~~

ATTORNEY GENERAL

Honorable Robert F. Peden, Jr.
County Attorney
Matagorda County
Bay City, Texas

Dear Sir:

Opinion No. O-3047
Re: Power of Commissioners' Court
to declare vacancy in office
of Justice of the Peace.

You have requested the opinion of this Department upon the question whether the Commissioners' Court of Matagorda County can declare a vacancy to exist in the office of Justice of Peace of Precinct No. 5 of that county and appoint a successor, under the following state of facts:

"The Justice of the Peace, Precinct No. 5, Matagorda County became sick about the middle of last year. The Commissioners Court appointed a man to fill the vacancy. The man who was sick was returned to office by the voters in the November election, but has never qualified. The man appointed by the court last year is still carrying out the duties of the office. The man who is sick expects some day to be able to hold the office. The court wishes to know if it can now declare a vacancy of the office and appoint his successor."

The rule with respect to the authority of the Commissioners' Court in such matters is correctly stated in the case of Ehlinger v. Rankin (C.C.A.) 29 S.W. 241, as follows:

"The Commissioners Courts have not the authority to judicially determine a right of one to an office, or to remove a legally qualified officer from his office, for the jurisdiction in this matter lies within the exclusive cognizance of the District Court; but if, as a fact, a vacancy does exist, then it becomes the duty of the Commissioners' Court to fill it."

The question then, arising from your inquiry, is this: Under the facts outlined by you, has the person elected

to the office of Justice of the Peace of Precinct No. 5 of
Matagorda County as a matter of law forfeited his right to
the office to which he was elected, so that, as a matter of
law, a vacancy therein exists which the Commissioners' Court
may recognize and fill by appointment.

Revised Civil Statutes, 1925, Article 17, provides:

"After each general election those who are
elected to the various county and precinct offices
shall qualify by taking the official oath and en-
tering upon and assuming the duties of their re-
spective offices on the first day of January fol-
lowing the last general election, or as soon there-
after as possible. . . . . ."

"Statutes fixing the time for qualifying are
generally regarded as directory only; and as a
rule a failure to qualify within the time pre-
scribed does not create a vacancy in the office
unless the statute so prescribes. But the Supreme
Court has said that this rule was made to cover
cases where the officer cannot, for some good
reason beyond his own control, qualify within the
time prescribed, and it will not be extended to cases
where there is a neglect or refusal to qualify;
and where the officer seeks an extension of the
prescribed time he must show an extraordinary rea-
son therefor." 34 Texas Juris., page 361; Flatau
v. State, 56 Tex. 93; 22 R.C.L., page 451; 46
Corpus Juris, pp. 962-963.

Under the facts as detailed in your letter, it ap-
pears that the person elected to the office of Justice of
the Peace was incapacitated by sickness prior to and at the
time of this election, and his incapacity has continued down
to the present time; but he expects to regain his health and
be able to hold the office. It thus appears that the failure
of the person elected to the office of Justice of the Peace
to qualify has been occasioned by a good reason beyond his
own control, and not by reason of neglect or refusal on his
part to do so. It would thus appear that in the circumstances
of this case the failure to qualify does not work a forfei-
ture of the right to the office so as to create a vacancy
therein which the Commissioners' Court of Matagorda County
is authorized to recognize and fill by appointment.

Confirmation of this view would appear to be found
in Article 5972, of the Revised Civil Statutes. This article
provides in part as follows:

". . . An officer may be found to be incompetent when, by reason of some serious physical or mental defect, not existing at the time of his election, he has become unfit or unable to discharge promptly and properly the duties of his office."

This latter article, of course, has reference to, and is found in the chapter on, removal of officers from their offices. Such removal, of course, presupposes a qualification for the office and an entering upon the discharge of the duties thereof. However, the article is significant as reflecting a general public policy in respect to officers incapacitated by illness. By its plain language, this article allows a removal of an officer, where he becomes unfit or unable to discharge promptly and properly the duties of his office by reason of serious physical or mental defects, only in the instance where the serious physical or mental defect occasioning such unfitness was not in existence at the time of his election to the office. By analogy, it would seem that if an officer is not to be removed, after qualification for and entering upon the discharge of the duties of his office, by reason of some physical or mental defect rendering him incompetent to discharge the duties of the office, which serious mental or physical defect existed at the time of his election, a person elected to the office of Justice of the Peace who is prevented from qualifying for that office by reason of some serious physical or mental defect which was in existence at the time of the election should not forfeit his right to take and hold that office by reason of the fact that such serious physical defect prevents his prompt qualification therefor.

You are advised that it is our opinion that the Commissioners' Court of Matagorda County, under the circumstances in the case presented, cannot declare a vacancy to exist in the office of Justice of the Peace, Precinct No. 5, Matagorda County, Texas, and appoint a person to fill such office.

Yours very truly
ATTORNEY GENERAL OF TEXAS

RWF:db:wc

By s/ R. W. Fairchild
R. W. Fairchild
Assistant

APPROVED APRIL 18, 1941
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman