

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

January 9, 1974

The Honorable Robert W. Gage
County Attorney
Freestone County
Fairfield, Texas 75840

Opinion No. H-202

Re: Justice of the peace retirement
benefits, qualification for office
by filing of bond, and compen-
sation for recording vital
statistics and conducting
inquests.

Dear Mr. Gage:

Your request for an opinion poses the following questions:

1. May a man retired as a justice of the peace in
Ector County and receiving an annuity under the Texas
County and District retirement system become justice
of the peace in Freestone County and still receive his
retirement earned in Ector County?

2. What is the last date an elected official may qualify
for office by filing his bond and oath?

3. Must the county pay the justices of the peace for
recording vital statistics and holding inquests under the
new salary system now in effect?

As a backdrop for the first question you advise that:

"A man who is now age 70 retired as the Justice of
the Peace [for] Ector County in 1970, [and] elected to receive
an annuity under the Texas County and District Retirement
System. In 1972 he ran for . . Justice of the Peace. . in

> Freestone County. Freestone County was not at
> that time a member of the aforementioned retirement
> system; however, on January 1, 1973, Freestone
> County did become a member of the system. "

You further advise that the man in question was elected.

Article 16, Section 62 (c) of the Texas Constitution authorizes the Legislature to "enact appropriate laws to provide for a System of Retirement, Disability and Death Benefits" for employees and officers of a county or political subdivision. That section does not however, authorize the Legislature to set mandatory retirement ages for such officers.

The statute enacted to implement Article 16 § 62(c) and which sets up the permitted system and prescribes its membership (Article 6228g, V. T. C. S. ) provides in part:

> "Sec. 7. (1)(d) Any member who has accepted
> service retirement shall be ineligible and disqualified
> to resume or continue service in any participating
> subdivision. "

The facts you recite indicate the man has "accepted service retirement" within the meaning of the above statutory provision. Service in the new Justice of the Peace post would be "service in any participating subdivision. "

Your first question has to do only with the receipt of retirement benefits earned in Ector County after becoming Justice of the Peace in Freestone County. You do not ask about the individual's subsequent participation in the retirement system and we do not reach such matters in this opinion.

The question assumes that retirement from the prior office is no legal impediment to the election of the person as Justice of the Peace in Freestone County. We need not explore the validity of that assumption here. Whatever is the intent of Section 7(1)(d) in that regard, it does not purport to cause a loss of prior-earned benefits as a penalty for resuming or continuing service in a participating subdivision.

We have found no provision which would cause persons entitled to Standard or Optional Service Retirement Benefits under the statute (which we understand is the case here) to lose such benefits on the happening of any contingency other than death (or in the case of some annuities, the passage of time). There are different provisions for Disability Retirement Benefits, but, from the facts you have given us, <u>disability</u> benefits are not involved.

Accordingly it is our opinion that a man retired as Justice of the Peace in Ector County who receives an annuity under the Texas County and District Retirement System, and who later becomes a Justice of the Peace in Freestone County, may still receive retirement benefits earned from Ector County service, notwithstanding the provisions of Section 7 (1)(d) of Article 6228g, V. T. C. S.

Your second question asks about the date of qualification for office.

The last date on which an elected official may qualify for office must be determined from the constitutional and statutory provisions applicable to the particular office. Article 17, V. T. C. S. , provides in part:

> "The regular terms of office for . . . county and precinct offices. . . shall begin on the first day of January next following the general election at which said respective offices are regularly filled, and those who are elected to regular terms shall qualify and assume the duties of their respective offices on the first day of January following their election, <u>or as soon thereafter as possible</u> . . . . "

Article 16, Section 17, Texas Constitution provides:

> "All officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified. "

At 47 <u>Tex. Jur.</u> 2d 52, Public Officials § 35, it is stated:

> "Statutes fixing the time for qualifying are generally regarded as directory only; and as a rule the failure to

> qualify within the time prescribed does not create a
> vacancy in the office unless the statute so provides. But
> it has been said that this rule was made to cover cases
> where the officer cannot, for some good reason beyond
> his own control, qualify within the time prescribed, and
> it will not be extended to cases where there is a neglect
> or refusal to qualify; and where the officer seeks an
> extension of the prescribed time he must show an
> extraordinary reason therefor."

Generally, such questions are controlled by the particular facts involved. See Flatan v. State, 56 Tex. 93 (1882); Attorney General Opinion O-3047 (1941).

Your remaining question asks about payments to Justices of the Peace for recording vital statistics and holding inquests.

Article 4477, V. T. C. S., governs the recording of vital statistics. Rule 36a thereof provides in part:

> "It is hereby declared to be the duty of the justice
> of the peace in the justice of the peace precinct and
> the city clerk or city secretary in the city of two
> thousand, five hundred (2, 500) or more population to
> secure a complete record of each birth, death and still-
> birth that occurs within their respective jurisdictions."

Rule 52a thereof sets forth the duty of such local registrars to record vital statistics, and the procedure to be followed therein.

Article 49. 01, Vernon's Texas Code of Criminal Procedure, makes it the duty of the justice of the peace to hold inquests in the therein enumerated cases.

Article 16, Section 61, Texas Constitution, as amended in November, 1972, requires that justices of the peace now be compensated on a salary basis. The salary, as established by the commissioners court in accordance with the applicable statutes, is the entire compensation due the justice of the peace for performance of his constitutional and statutory duties. See Attorney General Opinion H-35 (1973).

The recording of vital statistics and holding of inquests being statutory duties, in our opinion, a justice of the peace is entitled to no additional compensation for the performance thereof, beyond his established salary.

SUMMARY

1. A person retired as Justice of the Peace in one County who receives standard or optional service retirement benefits under Article 6228g, V. T. C. S. and who thereafter becomes a Justice of the Peace of another County may lawfully continue to receive retirement benefits earned from his previous service.

2. The last date upon which an elected official may qualify for office must be determined from the Constitutional and statutory provisions applicable to the particular office.

3. A Justice of the Peace is entitled to no additional compensation beyond his lawfully established salary for recording vital statistics or holding inquests pursuant to statutory duties.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee