## Richmond.

## ALLEN AND ALS. V. THE COMMONWEALTH.

### APRIL 7th, 1886.

### *Absent*—LEWIS, P.

1. PUBLIC OFFICERS—*Ministerial acts—Default—Liability.*—Where such are authorized by law to perform a merely ministerial act within a stated period with no discretion vested in them, *e. g.*, to pay a certain per centum to a certain officer, and they transcend that limit to the loss of the Commonwealth, they are liable to an action for their default.

2. IDEM—*Auditor—Railroad taxes—Collection—Over-compensation.*—Where certain railroad tax-tickets are placed by the auditor of public accounts in the hands of a county treasurer, who collects and pays the taxes into the State treasury, and whose compensation prescribed by statute (Acts 1878–79, ch. 60, §30, p. 328,) for this service, is only two and one-half per centum, but the auditor pays him twenty per centum :
HELD:

    1. The auditor is liable to an action for the excess.
    2. Acts 1878–79, ch. 60, § 34, p. 329, not applicable to railroad taxes, which are payable directly into the State treasury, but only to tax-tickets certified as delinquent and uncollectible, as prescribed in sections 24 to 28 inclusive.

3. IDEM—*Arrears of taxes—Delinquent lists—Special collectors—Extra compensation.*—Under § 34 of said ch. 60, the auditor may appoint a collector to collect such delinquent taxes for a compensation, previously agreed on, and approved by the executive, of twenty per centum of the amount collected and paid into the treasury.

Error to judgment of circuit court of city of Richmond rendered November 26th, 1886, in an action of debt, wherein the Commonwealth of Virginia was the plaintiff, and S. Brown Allen, John E. Hamilton, H. A. S. Hamilton, Robert

S. Hamilton, John H. English, E. A. Fulcher, and Robert S. Harnsberger were defendants. Verdict was for plaintiff for $4,494.90, with interest, subject to demurrer to the evidence; which demurrer the court overruled and entered judgment according to the verdict. The defendants excepted, and obtained a writ of error and *supersedeas.* Opinion states the case.

*Hugh W. Sheffey* and *Edgar Allan,* for the plaintiffs in error.

*R. A. Ayers,* Attorney-General, for the defendant in error.

LACY, J., delivered the opinion of the court.

The action was instituted in August, 1884, by the Commonwealth against the plaintiff in error, late auditor of public accounts of the State, and his sureties, upon his official bond, for alleged default of the said plaintiff in error as auditor in paying John E. Hamilton, treasurer of Augusta county, by his warrant, on the treasury of the State, for $3,399.93 commissions on $16,999.68, the amount of the taxes assessed against the Chesapeake & Ohio Railway Company, when by law the sum paid should have been $424.99; and in paying to the said Hamilton $1,737.09 commissions on taxes assessed against the Shenandoah Valley Railroad Company, when, it is claimed, the commissions should have been $217.14; that is, that the said auditor paid to the said treasurer of Augusta county twenty per cent. commissions, whereas the commissions allowed by law are two and one-half per centum. There was a demurrer to the evidence of the plaintiff by the defendant, and verdict and judgment for the plaintiff for the sums claimed in the declaration, whereupon the case was brought here by writ of error.

The first question material to be considered here is whether the commissions paid to the county treasurer were in excess of lawful authority. The act of assembly provides for the assessment and taxing of railroad companies, and they are required to pay the required tax into the State treasury within sixty days. Upon failure on the part of the company to so pay the said taxes into the treasury of the State, the same is to be collected by any treasurer to whom the auditor may deliver the assessment, or a copy thereof; and the said treasurer is authorized to distrain and sell, and is required to pay the same into the treasury of the State within three months. Acts 1881–82, § 20, p. 506.

The auditor followed the direction of this law, and placed the said taxes in the hands of the said treasurer of Augusta county, and took his receipt as treasurer of Augusta county. The said treasurer collected the whole amount of the taxes, and paid them into the State treasury, and was paid twenty per centum commissions by the auditor.

The compensation fixed by law for county treasurers for collecting the State revenue is two and one-half per centum per annum for all sums over $15,000. Acts of Assembly prescribing the compensation of county officers, April 1, 1879, § 30, (Acts 1878–79, p. 328.) But in cases where the treasurers have not been able to collect any taxes coming in their hands, the law provides that, where the lists are made out of these, examined by the county court, and approved, that the treasurer shall receive credit for them, and shall not afterwards collect them. A certified copy of these are to be placed by the auditor in the hands of any sheriff, sergeant, constable, or collector for collection, and his compensation shall not exceed twenty per centum. The compensation of such collector shall not exceed twenty per centum, but the amount of such compensation is to be agreed on before the service is performed, and must be approved by the governor; and such collector is required,

before he acts, to give bond, approved by the auditor. Acts 1878–9, pp. 327, 328, 329, §§ 29, 34, 35.

The taxes in question here were never returned or listed as delinquent, examined and approved by the county court, and certified. No compensation was agreed on beforehand, approved by the governor, and no bond given by any collector, and no such collector ever appointed, and there was therefore no authority by law to pay any collector twenty per cent. commissions thereon. On the other hand, the said taxes were delivered by the auditor to the treasurer of Augusta county, who collected them, and paid them into the treasury of the State, and his compensation prescribed by law for this service was two and one-half per centum, and not twenty per centum. It follows that the auditor paid the said twenty per centum without authority of law.

The next question to be determined is whether the auditor can be required to refund and make good to the Commonwealth this amount so illegally paid by him under his official bond. It is contended by the auditor that his error, if such it be, was an error in deliberative judgment, and that he is not responsible for errors of judgment where he was allowed a discretion. It is well settled that ministerial and other public officers, though not employed in the ordinary administration of justice, when called upon by law to exercise a deliberate judgment, are not responsible for errors of judgment, in the absence of all corruption or malice. Opinion of Baldwin, J., in *Austin* v. *Richardson,* 1 Gratt. 327. When a public officer exercises his best judgment in the exercise of judicial functions he is not liable to an action for an error of judgment. He is not liable to an action if he falls into error in a case where the act to be done is not *merely a ministerial one,* but is one in relation to which it is his duty to exercise judgment and discretion. Chief Justice Taney's opinion in *Kendall* v. *Stokes,* 3 How. 101. But in a case where he is authorized by law

to exercise a merely ministerial act within a stated limit, and no discretion is vested in him, among which we must place a direction to pay a certain per cent. to a certain officer for a certain service—to pay a certain officer a certain salary—what discretion has he in the premises except what is self-assumed? Can he pay less? Not without infringing the rights of the individual. Can he pay more? Not without infringing the rights of the Commonwealth. There is no margin allowed—no room for the exercise of any judgment on his part. *He must obey the law in such case to the letter or he violates the law.*

There are many cases familiar to the profession where the auditor is authorized to act according to his discretion and best judgment, but this case cannot be brought under any such designation. This is a case where the law fixed and fixing absolutely limited the duty and the function of the auditor, and the money paid out by him was in plain violation of the law of the land, and he must be held liable for the amount overpaid in excess of lawful authority; and the judgment of the circuit court of Richmond city must be affirmed.

JUDGMENT AFFIRMED.