

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Merritt F. Hines
County Attorney
Midland County
Midland, Texas

Dear Sir:

Opinion No. O-3394
Re: Shall the meals, the
groceries, consumed by
the sheriff and his family
also be accounted for as
profits and fees of office
as the cash profit from
the jail is?

Your request for our opinion on the hereinabove
captioned question has been received. We quote from your let-
ter as follows:

"The population of Midland County, Texas
is 11,721.

"Art. 1041. Guards and Matrons.

"The sheriff shall be allowed for each
guard or matron necessarily employed in the
safe-keeping of prisoners Two Dollars and
Fifty Cents ($2.50) for each day. No allowance
shall be made for the board of such guard or
matron, nor shall any allowance be made for
jailer or turnkey, except in counties having
a population in excess of forty thousand (40,-
000) inhabitants according to the last preced-
ing or any future Federal Census. In such
counties of forty thousand (40,000) or more
inhabitants, the Commissioners' Court may al-
low each jail guard, matron, jailer and turn-
key Four Dollars and Fifty Cents ($4.50) per
day; provided that, in counties having a popu-
lation in excess of three hundred and fifty-
five thousand (355,000) inhabitants, according
to the last preceding or any future Federal

Honorable Merritt F. Hines, Page 2

Census, each jail guard, matron, jailer and turnkey shall be paid not less than One Hundred and Seventy-five ($175.00) Dollars per month.

"Midland County has no jailer, jail guard, matron or turnkey, but all work done in connection with the jail is done by the sheriff and his deputies.

"Art. 1040. Allowance to sheriff for prisoners, provides in part:

"2. For support and maintenance, for each prisoner for each day such an amount as may be fixed by the commissioners court, provided the same shall be reasonably sufficient for subh purpose, and in no event shall it be less than forty cents per day nor more than seventy-five cents per day for each prisoner. The net profits shall constitute fees of office and shall be accounted for by the sheriff in his annual report as other fees now provided by law. The sheriff shall in such report furnish an itemized verified account of all expenditures made by him for feeding and maintenance of prisoners, accompanying such report with receipts and vouchers in support of such items of expenditure, and the difference between such expenditures and the amount allowed by the commissioners court shall be deemed to constitute the net profit for which said officer shall account as fees of office.

"The Midland County jail is on the fourth floor of the court house. The sheriff and his family, his wife and two children, live in an appartment provided for that purpose, on the same floor, adjacent the jail. The meals for the jail are prepared in the sheriff's kitchen, with equipment that belongs to the sheriff personally. Most of the time the sheriff employs a cook whose salary is charged to expense of office. But the sheriff's wife is always present to supervise the work, and sometimes do

Honorable Merritt F. Hines, Page 3

it herself. The sheriff and his family eat
their meals that are prepared from the same
supplies used in feeding the prisoners. The
profits from feeding the prisoners are proper-
ly accounted for by him.

"Now, the commissioners court desire the
opinion of your department on the question:
Shall the meals, the groceries, consumed by
the sheriff and his family, also be accounted
for as profits and fees of office, as the cash
profit from the jail is?"

Article 1046 of the Code of Criminal Procedure pro-
vides as follows:

"At each regular term of the commission-
ers court, the sheriff shall present to such
court his account verified by his affidavit
for the expense incurred by him since the last
account presented for the safe-keeping and
maintenance of prisoners, including guards
employed, if any. Such account shall state
the name of each prisoner, each item of ex-
pense incurred on account of such prisoner,
the date of each item, the name of each guard
employed, the length of time employed and the
purpose of such employment."

Article 1047 of the Code of Criminal Procedure pro-
vides as follows:

"The commissioners court shall examine
such account and allow the same, or so much
thereof as is reasonable and in accordance with
law, and shall order a draft issued to the sher-
iff upon the county treasurer for the amount so
allowed. Such account shall be filed and kept
in the office of such court."

Section 2 of Article 1040 of the Code of Criminal Pro-
cedure makes it the duty of the sheriff to account in his annual
report (required by Article 3897, Vernon's Annotated ~~Code of Crim-~~ Civ. Stats
~~inal Procedure)~~ for the net profits arising from the feeding and
maintenance of prisoners, as fees of office. The difference be-
tween such expenditures and the amount allowed by the commissioners'

Honorable Merritt F. Hines, Page 4

court, within the limits prescribed in said section, constitutes the net profits for which the sheriff shall account as fees of office.

Under Article 1046, supra, it is the duty of the sheriff to file his verified account for the expense incurred by him for the safe-keeping and maintenance of prisoners with the commissioners' court at each regular term of said court.

Article 1047, supra, requires the commissioners' court to examine such account and allow the same, or so much thereof as is reasonable and in accordance with law.

You state in your letter that "the sheriff and his family (consisting of four people) eat their meals that are prepared from the same supplies used in feeding the prisoners." You then propound, for our answer, the following question: "Shall the meals, the groceries, consumed by the sheriff and his family, also be accounted for as profits and fees of office, as the cash profit from the jail is?"

As we understand the facts from your letter, the sheriff buys all the groceries together, for the prisoners and also for his family, and the meals for each are then prepared from these groceries. In order that the sheriff may properly account for the profits derived from the feeding of the prisoners where the groceries are so bought, only those groceries actually used in feeding the prisoners should be charged against the allowance made by the commissioners' court in determining the net profits to be accounted for in the sheriff's report. If this is done, "the profits from feeding the prisoners are properly accounted for by him," as stated in the last line of the next to the last paragraph of your letter. If this is done, your question should be answered in the negative.

In view of your question and from the language of your letter as a whole, however, we presume that the total cost of the groceries, including those consumed by the sheriff's family, is charged as an item of expense against the allowance made by the commissioners' court and the difference or "profits" reported. If this is the case, the amount reported by the sheriff would not reflect the correct amount of profits required to be reported by the sheriff under Article 1040 of the Code of Criminal Procedure. The amount reported would be less the amount used to pay for that part of the groceries consumed by the sheriff and his family. This would be tantamount to the retention and failure to report

Honorable Merritt F. Hines, Page 5

by the sheriff a part of his fees in violation of the statute.
Under these facts, therefore, your question should be answered
in the affirmative.

In the case of Hood, et al v. State, et al (Civ. App.),
73 S. W. (2d) 611, error refused, the court, in holding that the
action of the commissioners' court in approving a sheriff's ac-
count whereby he was allowed to retain as part of his fees a
portion of the moneys paid him for the safe-keeping and subsist-
ence of Federal prisoners in the county jail was void, and there-
fore subject to collateral attack, used the following language:

"It follows, therefore, that such moneys
being provisional statutory fees of office,
the commissioners' court is without power to
settle with the sheriff for an amount less
than was received, and its action in approv-
ing the sheriff's account, and in accepting
for the county the $2,500 and $2,000, respective-
ly, was wholly void, hence subject to the collat-
eral attack. Cameron County v. Fox (Tex. Com.
App.) 2 S. W. (2d) 433."

In view of the foregoing authorities, you are respect-
fully advised that it is the opinion of this department that,
under the facts stated, the sheriff should either deduct only
the cost of the groceries actually used in feeding the prisoners
from the allowance made for the feeding and maintenance of the
prisoners and report the difference as fees of office, or, he
should deduct the total costs of the groceries from the allowance
made by the commissioners' court and report the difference plus
the cost of the groceries consumed by the sheriff's family as
fees of office.

What we have said above is based upon the presumption
that the officers of Midland County are compensated on a fee basis.

In view of the statement made in your letter that "Most
of the time the sheriff employs a cook whose salary is charged to
expense of office", we wish to point out that such expenditure
does not constitute an expense of office and should not be charged
as such. The expense of employing a cook to prepare food for the
prisoners should be charged against the allowance made by the com-
missioners' court for the feeding and maintenance of the prisoners
in the same manner as the cost of the groceries are charged against

Honorable Merritt F. Hines, Page 6

said allowance in determining whether the sheriff has made a net profit to be reported as fees of office under Article 1040, Code of Criminal Procedure. See State v. Carnes, et al (Civ. App.) 105 S. W. (2d) 397, at page 400.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 9, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By  Edgar Pfeil
        Assistant

EP:RS

APPROVED
OPINION
COMMITTEE
BY_____
CHAIRMAN