

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL                    AUSTIN, TEXAS
ATTORNEY GENERAL

September 19, 1949

Hon. Clyde Boose                Opinion No. V-908.
County Attorney
Nolan County                    Re: Authority of the Com-
Sweetwater, Texas                   missioners' Court of
                                    Nolan County to pay
                                    a salary to or the
                                    expenses of a Volun-
                                    teer Parole Officer
                                    of Nolan County, who
                                    was appointed and com-
                                    missioned by the Gov-
Dear Sir:                           ernor.

        We refer to your recent request for an opinion.
The question submitted for our consideration is, in sub-
stance, as follows:

        Does the Commissioners' Court of
    Nolan County have authority to use the
    County's funds to pay a salary to or the
    expenses of a Volunteer Parole Officer
    of Nolan County, who was appointed and
    commissioned by the Governor?

        Before we can answer your question, it must
first be determined whether there exists in Nolan County
a public office, the incumbent of which is officially
known as a Volunteer Parole Officer of Nolan County. If
no such office exists, it necessarily follows there can
be no such officer.

        In this State public officers are created by
law and none can exist except by its sanction. Some of-
fices are created by the Constitution and others by stat-
utes. 34 Tex.Jur. 326, Public Officers, Sec.5. The
Legislature is the department of government in which re-
poses the law-making power of the people. Terrell v.
King, 118 Tex. 237, 14 S.W.2d 786 (1929). The creation
of an office is peculiarly a legislative matter. Weaver
v. Commissioners' Court of Nacogdoches County, 135 Tex.
611, 146 S.W.2d 170 (1941). It is a settled principle
that an office comes into existence only when created
by law. City of San Antonio v. Coultress, 169 S.W. 917

(Tex.Civ.App.1914).

Neither the Constitution nor the Legislature has created a public office to be filled by a person whose official title is that of a county volunteer parole officer. It is a well known fact that in most of the counties of this State there is a board known as "volunteer parole board," which is composed of persons known as "volunteer parole officers." So, when we speak of the Volunteer Parole Officers of Nolan County, or of any other county, the inference is that such an officer is a public officer. How these terms originated and came into common usage are revealed by the history of their origin, as we understand it to be, which is as follows:

Governor Jas. V. Allred, during his administration as Governor, 1935-1939, realized that a convict released from the penitentiary on parole or conditional pardon should be under some supervision upon his return to the county in which he was convicted or some other county of this State to which he was authorized to go by the Governor's proclamation releasing him from prison. Since the Legislature had made no provision whatever for any kind of such supervision, he conceived the idea of requesting one or more reliable private citizens, who were interested in the rehabilitation of prisoners so released, to voluntarily assume certain duties pertaining to such parolees and pardonees in their respective counties, and to whom he could require prisoners so released to report for supervision. (For the purpose of this opinion, it is not necessary to set forth other respective duties of the citizen and prisoner, for they may not have been the same in all instances) When a citizen advised the Governor of his willingness to serve in such capacity, the Governor notified him that he had been appointed a volunteer parole officer of the county of his residence. Such officers constituted the volunteer parole boards of their respective counties. They have performed splendid services, and it is unfortunate that the Legislature has not given them official status.

The policy of appointing such parole officers established by Governor Allred has been continued by his successors in office down to the present time, for the same reasons which occasioned its establishment in the first instance.

We are not informed whether it has been the uniform policy or practice of each Governor to issue a commission to each voluntary parole officer on the form used by him for commissioning public officers in accordance with the provisions of Article 3040, V.C.S.  Be that as it may, the fact that a person was issued a commission in which he was designated a Volunteer Parole Officer of Nolan County, as was done in this instance, would be ineffectual to make that person a public officer unless such an office had been first created by law. His status is that of a private citizen performing certain voluntary duties at the request of the Governor for a worthy purpose, and for this he should be highly commended by the citizens of this State.  Therefore, the answer to your question is controlled by the provisions of the Constitution, statutes, and authorities hereinafter cited.

Section 44, Article III of the Constitution, provides: "The Legislature shall provide by law for the compensation of all officers, servants, agents and public contractors, not provided for in this Constitution. . . ."

In 34 Texas Purisprudence 512, Public Officers, Section 108, it is said:

"To entitle a person to recover emoluments of an office, he must show that he is an officer de jure, that the office has been legally created and is in existence, and that he has been legally placed therein and has a legal right thereto. The statute (Art. 6828) expressly prohibits the payment or allowance of the claim of any person for compensation as an officer, unless he has been duly elected or appointed as such officer . . . and has qualified as such officer according to law." (Emphasis added)

Section 18 of Article V of the Constitution of Texas creates the commissioners' courts, and confers upon them such powers as are granted by the Constitution and laws of this State.  Such courts are courts of limited jurisdiction, having no authority except such as is expressly or impliedly conferred by the Constitution and statutes.  Anderson v. Wood, 137 Tex. 201, 152 S.W.2d 1084 (1941); 11 Tex. Jur. 563, Counties, Sec. 36.

Section 52, Article III of the Constitution of Texas, provides the Legislature shall have no power to authorize any county of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatever.

Section 3 of Article VIII of the Constitution of Texas, reads:

"Taxes shall be levied and collec- ed by general laws and for public pur- poses only."

In the case of Howard v. Henderson County,116 S.W.2d 479 (Tex.Civ.App.1938, error ref.), the Court, after citing the pertinent provisions of Section 52, Article III, and other provisions of the Constitution, said:

"Giving effect to limitation on the Legislature to confer power on counties and municipal authorities to grant public moneys to individuals, and to make con- tracts, the courts of this State have uni- formly recognized that a commissioners' court cannot bind the county by ordering a claim to be paid, which is not made a charge against the county, or made a con- tract not within the limits of their power. The want of authority is jurisdictional; its action in so doing has no conclusive or binding effect, but, on the contrary, is void."

When a commissioners' court approves a claim against the county without lawful authority, its action is wholly void, and notwithstanding the fact that such unauthorized claim was voluntarily approved and paid by the county. Cameron County v. Fox, 2 S.W.2d 433 (Comm. App.1928), and numerous authorities there cited.

It necessarily follows from what we have said that, in our opinion, your question must be answered in the negative.

## SUMMARY

Public offices can only be created by the Constitution or the Legislature. Terrell

v. King, 118 Tex. 237, 14 S.W.2d 786 (1929); Weaver v. Commissioners' Court of Nacogdoches County, 135 Tex. 611, 146 S.W.2d 170 (1941); City of San Antonio v. Coultress, 169 S.W. 917 (1914); 34 Tex.Jur. 326, Public Officers, Sec. 5.

Neither the Constitution nor the Legislature has created a county volunteer parole office. The Commissioners' Court of Nolan County has no authority to use county funds to pay a salary to or the expenses of a Volunteer County Parole Officer of Nolan County, who was appointed and commissioned by the Governor, for the status of a person so appointed and commissioned is that of a private citizen performing certain voluntary duties, upon request of the Governor, pertaining to the supervision of certain parolees and pardonees. Tex. Const., Art. III, Secs. 44, 52; Art. V, Sec. 18; Art. VIII, Sec. 3; Anderson v. Wood, 137 Tex 201, 152 S.W.2d 1084 (1941); Howard v. Henderson County, 116 S.W.2d 479 (Tex.Civ. App.1938, error ref.); Cameron County v. Fox, 2 S.W.2d 433 (Comm.App.1928); Arts. 3040, 6829, V.C.S.; 34 Tex.Jur.512, Public Officers, Sec. 108.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Bruce W. Bryant
Assistant

BWB:eb:mw

APPROVED

Price Daniel
ATTORNEY GENERAL