

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

April 1, 2004

Mr. Terrell Murphy, Commissioner
Texas Department of Assistive and
   Rehabilitative Services
4900 North Lamar Boulevard
Austin, Texas 78751-2399

Opinion No. GA-0171

Re: Whether the Texas Department of Assistive and Rehabilitative Services[1] must seek reimbursement for benefit replacement pay erroneously paid to ineligible employees (RQ-0114-GA)

Dear Commissioner Murphy:

Your predecessor asked whether the Texas Rehabilitation Commission ("TRC")[2] must seek reimbursement from current and/or former employees who erroneously received benefit replacement pay ("BRP").[3]

## I.  Facts

From 1996 to May 15, 2003, TRC erroneously paid BRP to twelve employees who were not eligible for this form of compensation. *See* Request Letter, *supra* note 3, at 1. The legislature provided for BRP in 1995, in an enactment repealing the requirement that the state pay part of the employee portion of federal social security taxes. *See* Act of May 24, 1995, 74th Leg., R.S., ch. 417, 1995 Tex. Gen. Laws 3029, 3030 (codified at Government Code chapter 659, subchapter H). Only state employees on the payroll as of August 31, 1995 are entitled to receive BRP to offset the lost social security tax payment. *See* TEX. GOV'T CODE ANN. §§ 659.121(2), .123 (Vernon Supp. 2004); HOUSE RESEARCH ORG., BILL ANALYSIS, Tex. S.B. 102, 74th Leg., R.S. (1995) at 3. Seven of the twelve TRC employees who received overpayments of BRP are still employed by the agency. Your predecessor asked whether TRC is required by statute to attempt to recover the overpayment from the recipients. *See* Request Letter, *supra* note 3, at 1-2.

---

[1]Formerly the Texas Rehabilitation Commission, the Texas Department of Assistive and Rehabilitative Services began operations on March 1, 2004. *See* Act of June 1, 2003, 78th Leg., R.S., ch. 198, §§ 1.01, 1.26, 2003 Tex. Gen. Laws 611, 612, 641.

[2]*See supra* note 1.

[3]*See* Letter from Mr. Vernon M. Arrell, Commissioner, Texas Rehabilitation Commission, to Honorable Greg Abbott, Texas Attorney General (Oct. 3, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

## II.    Law

### A.    Government Code Chapter 666

Government Code chapter 666 provides a method for recovering compensation, including BRP, paid to a state employee in excess of the amount actually owed the employee. *See* TEX. GOV'T CODE ANN. §§ 666.001(1)(C), .002 (Vernon Supp. 2004). A "state employee" within chapter 666 is "an officer or employee of a state agency." *Id.* § 666.001(4). The amount of excess compensation paid to an employee, or the employee's "indebtedness" to the agency, may be recovered from the employee or the employee's "successor," defined as a deceased state employee's estate or surviving spouse, and the distributees of a deceased state employee's estate. *See id.* §§ 666.001(2), (5), .002. Recovery of an overpayment to a state employee may be accomplished by deducting the overpayment from the employee's compensation or by reducing the employee's base salary for services provided in a pay period after the indebtedness was incurred. *See id.* § 666.002(c)-(e). In cases where the comptroller's office is not responsible for issuing payment to the employee, the state agency may recover the overpayment itself without the comptroller's involvement. *See id.* § 666.002(a), (c). In the usual case, where an employee's salary payment issues from the comptroller's office, authority to collect the overpayment from future salary is vested in the comptroller. *See id.* § 666.002(b), (d).

The questions presented relate to section 666.002(b), which provides as follows:

> The comptroller may recover in accordance with this chapter the amount of a state employee's indebtedness to a state agency if:
>
> (1)  the agency provides a notice to the employee or successor that complies with Section 666.003;
>
> (2)  the agency's request for the comptroller to recover the indebtedness complies with Section 666.005; and
>
> (3)  the comptroller is responsible under [Government Code] Section 404.046, 404.069, or 2103.003 for paying the amount owed by the agency to the employee or the successor through the issuance of a warrant or initiation of an electronic funds transfer.[4]

*Id.* § 666.002(b).

---

[4]The Government Code provisions cited in section 666.002(b)(3) require the comptroller to pay various expenses by warrant or electronic funds transfer. *See* TEX. GOV'T CODE ANN. §§ 404.046 (Vernon Supp. 2004) (money may not be paid out of the treasury except on a warrant drawn or an electronic funds transfer initiated by the comptroller); .069 (withdrawal of trust funds deposited with comptroller); 2103.003 (Vernon 2000) (expenditure of appropriated funds).

Before requesting the comptroller to recover the amount of the employee's indebtedness, the state agency must provide notice that (1) is "given in a manner reasonably calculated to give actual notice to the employee or successor"; (2) states the "amount of the indebtedness" and the employee's name; (3) specifies the "date by which the indebtedness must be paid"; and (4) informs the "employee or successor" that if the indebtedness is not paid by the specified date, it will be recovered from the employee's or successor's compensation. *Id.* § 666.003(b). Thus, the state employee is given an opportunity to repay the excess compensation before the matter may be referred to the comptroller for collection. "A state agency may not request the comptroller to make a recovery under Section 666.002(b) before the agency . . . provides the employee or successor the opportunity to exercise any due process or other constitutional or statutory protection that must be accommodated before a collection action or procedure may begin" and "determines that the recovery would not violate any applicable law or rule of this state or the United States." *Id.* § 666.005(a). The comptroller is prohibited from investigating whether the agency has accorded due process or any other constitutional or statutory protection and is authorized to rely on the agency's determination that recovery would not violate any applicable federal or state law or rule. *See id.* § 666.005(b).

## B.      Government Code Section 403.055

The request letter provides that Government Code chapter 666 appears to conflict with Government Code section 403.055,[5] which states that "the comptroller, as a ministerial duty, may not issue a warrant or initiate an electronic funds transfer to a person who has been reported properly under Subsection (f)." *Id.* § 403.055(a). Subsection (f) provides that "a state agency shall report to the comptroller each person who is indebted to the state or has a tax delinquency," subject to providing due process pursuant to section 403.055(g). *Id.* § 403.055(f)-(g). Section 403.055(f) uses the mandatory term "shall," *see id.*, while chapter 666 uses the permissive term "may." *See id.* § 666.002. *See also id.* § 311.016(1)-(2) (Vernon 1998) (the term "shall" ordinarily imposes a duty, while "may" creates discretionary authority or grants permission or a power).

Sections 403.055 through 403.0552 authorize the comptroller to collect debts, for example, student loans, and delinquent taxes owed to the state. *See id.* §§ 403.055, .0551, .0552 (Vernon Supp. 2004); *see also* TEX. EDUC. CODE ANN. § 57.48(a), (g) (Vernon Supp. 2004) (Guaranteed Student Loan Corporation must report persons in default on Guaranteed Student Loan to comptroller but must first provide due process to person). Section 403.055(f) states that "[e]xcept as provided by Subsection (g), a state agency shall report to the comptroller each person who is indebted to the state or has a tax delinquency." TEX. GOV'T CODE ANN. § 403.055(f) (Vernon Supp. 2004). Subsection (g) provides that "[a] state agency may not report a person under subsection (f) unless the agency first provides the person with an opportunity to exercise any due process or other constitutional or statutory protection that must be accommodated before the agency or the state may begin a collection action or procedure." *Id.* § 403.055(g). Even after an indebted person has been reported under subsection (f), the comptroller may issue a warrant or initiate an electronic funds transfer to a person "if each state agency that properly reported the person under Subsection (f) consents to issuance of the warrant or initiation of the transfer." *Id.* § 403.055(k).

---

[5]Request Letter, *supra* note 3, at 2.

When a state agency reports a debt pursuant to section 403.055(f), the comptroller has a ministerial duty to withhold a warrant payable to the indebted person, *see id.* § 403.055(a), unless it is a warrant for a state officer's or employee's compensation. *Id.* § 403.055(d)(1). Section 403.0551 authorizes the comptroller to deduct the amount of a person's tax delinquency or indebtedness to the state from any amount the state owes the person, except that an employee's debt to a state agency may not be deducted from compensation owed by the agency to the employee. *See id.* § 403.0551(a), (d). *But see* TEX. FAM. CODE ANN. § 231.007(a), (i) (Vernon Supp. 2004) (warrant to pay compensation may not be issued to person indebted to state for child support payments).

Chapter 666 provides the exclusive method for collecting a state agency's overpayment to an employee by deduction from the indebted employee's salary, and the mandatory reporting duty under section 403.055(f) is not read into chapter 666. The comptroller's office has stated that a payroll deduction under chapter 666 is entirely discretionary with the state agency, although the agency may have a legal obligation to seek the refund of an overpayment of compensation through other means, such as collecting the debt directly from the employee. *See* COMPTROLLER OF PUBLIC ACCOUNTS, PAYROLL POLICIES AND PROCEDURES GUIDE - 2000, at 4.29-4.30.[6]

Chapter 666, however, "does not prohibit the comptroller or a state agency from recovering an indebtedness in any manner authorized by a law other than this chapter." TEX. GOV'T CODE ANN. § 666.007 (Vernon Supp. 2004). Nor does chapter 666 relieve a state agency of the duty under section 403.055(f) to report an indebted employee to the comptroller. An indebtedness established under chapter 666 may be recoverable under section 403.055 from money payable to the indebted employee for a purpose other than compensation, for example, a reimbursement for travel expenses. *See id.* § 403.016(b) (payment of travel expenses). Section 403.055(f) requires a state agency to report to the comptroller employees indebted to it under chapter 666, subject to the section 403.055(g) requirement that the agency provide "the person with an opportunity to exercise any due process or other constitutional or statutory protection that must be accommodated before the agency or the state may begin a collection action or procedure." *Id.* § 403.055(g).

## C.    Constitutionality of Chapter 666

The fact that chapter 666 gives the state agency discretion as to recovering an employee's indebtedness from future compensation does not mean that the statute violates Texas Constitution article III, sections 44 or 51, which respectively prohibit the state from granting "extra compensation to any officer, agent, servant, or public contractors" or granting public money to an individual. *See* TEX. CONST. art. III, §§ 44, 51. *See also* Tex. Att'y Gen. Op. No. JC-0383 (2001) at 4.

This office has considered whether a county was required to seek to recover unauthorized health insurance premium payments made on behalf of retirees. *See* Tex. Att'y Gen. Op. No. JC-0383 (2001) at 4. The opinion determined that the premium payments violated Texas Constitution article III, section 53, which prohibits a county from granting extra compensation to a public officer,

---

[6]*Available at* http://www.window.state.tx.us/comptrol/san/fm_manuals/payroll_policy_proced/payroll2000/ payrollpolproc2000_ch04.pdf.

agent, servant, or contractor, but it found no law requiring the county to seek recovery of the unauthorized payments. *See id. See also* TEX. CONST. art. III, § 53. Texas cases establish that a governmental entity may seek to recover a payment that its agent has erroneously paid to a private party from public funds, but they do not impose a duty to seek recovery. *See City of Taylor v. Hodges*, 186 S.W.2d 61, 63 (Tex. 1945)[7] (the general rule applicable to private transactions, "that relief cannot be had from a payment made under a mistake of law," does not apply when the payment is made with public money). *See also Cameron County v. Fox*, 2 S.W.2d 433, 436 (Tex. Comm'n App. 1928, judgm't adopted) (amount wrongly paid "may be recovered in an action by the county"); *Nunn-Warren Publ'g Co. v. Hutchinson County*, 45 S.W.2d 651, 653 (Tex. Civ. App.–Amarillo 1932, writ ref'd) (although county's unlawful payment to defendant was voluntary, county may recover it). Attorney General Opinion JC-0383 concluded that a county may exercise reasonable discretion as to whether to seek reimbursement in a particular case, considering factors such as "'the amount of funds to be reimbursed, the ease of collection, and the legal and other costs incident to collection.'" *See* Tex. Att'y Gen. Op. No. JC-0383 (2001) at 4 (citing Tex. Att'y Gen. Op. No. MW-93 (1979) at 3).

State agencies, like the counties at issue in Attorney General Opinion JC-0383, are authorized but not required by chapter 666 to seek recovery of overpayments to state officers and employees. In making a decision about seeking recovery of such overpayments a state agency may consider, in addition to the factors listed in Attorney General Opinion JC-0383, the need to provide notice and due process pursuant to chapter 666 and to determine "that the recovery would not violate any applicable law or rule of this state or the United States." TEX. GOV'T CODE ANN. §§ 666.003(b), .005(a)(2) (Vernon Supp. 2004).

### III. Questions

In answering these questions, we will consider both TRC's permissive authority under chapter 666 and mandatory duty under section 403.055(f).

The first three questions are as follows:

> 1. Must TRC seek to recover the above-referenced overpayments from both current and former employees?
>
> 2. If TRC is required to seek reimbursement from either the current or former employees, is reporting the overpayments to the comptroller sufficient to satisfy TRC's legal obligation?
>
> 3. If TRC is required to report this to the comptroller, what are TRC's obligations with respect to past employees? (Chapter 666 only appears to address current employees.)

Request Letter, *supra* note 3, at 2.

---

[7]*City of Taylor v. Hodges*, 186 S.W.2d 61 (Tex. 1945), *overruled on other grounds by Lubbock County, Tex. v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580 (Tex. 2002).

Section 666.002 provides that a state agency "may" recover the amount of a state employee's indebtedness to it and that the comptroller "may" deduct the amount of a state employee's indebtedness from the employee's compensation if the agency provides notice and due process to the employee and requests the comptroller to make the deduction. *See* TEX. GOV'T CODE ANN. §§ 666.002(a)-(c), .003 (Vernon Supp. 2004). The term "may" creates a discretionary authority or grants permission or a power. *See id.* § 311.016(1) (Vernon 1998). It does not mandate action. TRC is not required to seek recovery of overpayments made to any employee by having these amounts deducted from employee paychecks pursuant to chapter 666. Section 403.055(f) in contrast requires TRC to report an employee indebtedness to the comptroller, contingent upon providing the employee "with an opportunity to exercise any due process or other constitutional or statutory protection that must be accommodated before the agency or the state may begin a collection action or procedure." *Id.* § 403.055(f)-(g) (Vernon Supp. 2004). Due process requires notice and an opportunity for the employee to object to the amount or existence of the claimed overpayment.

As we have stated, TRC has discretion as to whether it seeks to recover employee overcompensation from an employee's future pay warrants, while the agency must report such indebtedness under section 403.055(f). Once TRC has established the debt by providing the employee with due process and has reported the overpayments to the comptroller, TRC has carried out its legal obligation under section 403.055(f).

Both section 403.055(c) and section 666.002(d) provide for recovering an indebtedness from the estate of a deceased employee, the surviving spouse of a deceased employee, or the distributees of a deceased employee's estate. *See id.* §§ 403.055(c); 666.002(d)(1). Thus, both statutes permit recoveries where the indebted person is no longer employed by the state. The fourth question is as follows:

> Is TRC required to give notice to the employees that recoupment is being sought or is this only necessary if TRC decides to refer the obligation to the comptroller?

*See* Request Letter, *supra* note 3, at 2.

If TRC contemplates seeking recovery under chapter 666 by asking the comptroller to deduct the amount of indebtedness from the employee's compensation or by reducing the employee's base salary, it must provide notice to the employee before requesting the comptroller to act. *See* TEX. GOV'T CODE ANN. § 666.002(b)(1) (Vernon Supp. 2004). If it decides not to seek recovery, it need not give notice to the employee. An agency that plans to recover an indebtedness by itself, without invoking the comptroller's assistance, must provide notice before recovering that amount from salary owed the employee. *See id.* § 666.002(a).

When a state agency carries out its mandatory duty to report an indebted employee to the comptroller under section 403.055(f), it must first provide the employee "with an opportunity to exercise any due process or other constitutional or statutory protection that must be accommodated before the agency or the state may begin a collection action or procedure." *Id.* § 403.055(f)-(g). Because the duty to report is mandatory under section 403.055(f), TRC should make its best effort

to provide the required statutory and constitutional protections so that it may carry out its duty to report.

The fifth question is whether any of the debts are barred by the applicable statute of limitations. *See* Request Letter, *supra* note 3, at 2. Section 16.004 of the Civil Practice and Remedies Code provides a four-year statute of limitations for debt. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004 (Vernon 2002). However, section 16.061 of the Civil Practice and Remedies Code provides that "[a] right of action of this state . . . is not barred by any of the following sections: 16.001-16.004 . . . ." *Id.* § 16.061(a) (Vernon Supp. 2004). *See also* Tex. Att'y Gen. Op. No. MW-416 (1981) at 3-4 ("limitations will not be a bar to the state's right of action"). No statute of limitations bars the state's recovery of these debts.

The final question is whether TRC has administrative discretion to waive the overpayment on the ground that it was TRC's error. As we have determined in answer to the first question, chapter 666 does not require TRC to pursue collection of an overpayment to an employee. The mandatory duty to report indebtedness under section 403.055(f) may not be waived.

## S U M M A R Y

Government Code chapter 666 authorizes state agencies to seek to recover overpayments of compensation to employees, including benefit replacement pay. The agency may request the comptroller to recover the overpayment, but it is not required to do so. Government Code section 403.055(f) requires a state agency to report to the comptroller that one of its employees has received excess compensation.

Recovery may be sought from an agency's former as well as its present employees. The agency must give notice to the indebted employee before requesting the comptroller to recover the overpayment. No statute of limitations bars the state's recovery of employee indebtedness to it.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee